VILLANTI, Judge,
Specially concurring.
I concur separately to point out that while I am required to accept Powell as binding authority in this district,[2] I joined in the concurrence in M.A.B v. State, 957 So.2d 1219 (Fla. 2d DCA 2007) (en banc), review granted, 962 So.2d 337 (Fla. Aug. 21, 2007), which, by virtue of a tie vote, provided an opinion with no binding prece-dential value on the same Miranda issue presented in this case. As history played out, the panel in Powell was the next to receive a case involving the same issue; therefore, it became that panel’s obligation to decide this issue’s fate one way or the other in this district.
For the same reasons outlined in Judge Canady’s concurrence in M.A.B., I do not agree with the Powell majority. In addition to the reasoning of that concurrence, I would add the following personal observation. In my view, Miranda warnings were designed to be, and are only required to be, understood by ordinary people. For over forty years, ordinary people past the age of reason have consistently understood *639 Miranda’s right-to-counsel warning as encompassing the entire duration of a police interrogation. I submit that if only attorneys who are highly educated and accomplished wordsmiths can ferret out an inadequacy in the warning’s language, then the warning as given was both adequate and reasonably understandable by the ordinary person who is far less educated or capable of parsing legal verbiage. I am still convinced that the M.A.B. concurring opinion is correct.

. I note that the supreme court has now accepted review of this court’s decision in Powell. See State v. Powell, 2008 WL 332503 (Fla. Jan. 16, 2008).